```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
                                           :
STEPHEN MAURO,                             :
                          Plaintiff,       :
                                           :        09 Civ. 4732 (DLC)
              -v-                          :
                                           :        OPINION & ORDER
NYC TRANSIT AUTHORITY and MANHATTAN AND    :
BRONX SURFACE AUTHORITY,                   :
                          Defendants.      :
                                           :
-------------------------------------------X
```

Appearances:

For Pro Se Plaintiff:

Stephen Mauro
2340 West 11th Street
Brooklyn, NY 11223

For Defendants:

Kristen M. Nolan
Office of the General Counsel
New York City Transit Authority and
Manhattan and Bronx Surface Transit Operating Authority
130 Livingston Street, Rm. 1213
Brooklyn, NY 11201

DENISE COTE, District Judge:

Pro se plaintiff Stephen Mauro brings this action against

defendants New York City Transit Authority ("NYCTA") and

Manhattan and Bronx Surface Authority, properly known as

Manhattan and Bronx Surface Transit Operating Authority

("MaBSTOA") (collectively, "defendants"), for employment

discrimination pursuant to Title VII of the Civil Rights Act of

1964 ("Title VII"), the Age Discrimination in Employment Act

("ADEA"), the New York State Human Rights Law ("NYSHRL"), and

the New York City Human Rights Law ("NYCHRL").  On January 14,

2010, the defendants filed a motion to dismiss the plaintiff's

April 24, 2009 complaint.  For the following reasons, the

defendants' motion is granted.

BACKGROUND

The following facts, taken from the complaint and documents

integral to the face of the complaint, are assumed to be true or

presented in the light most favorable to the plaintiff.[1]

Plaintiff, who is 55 years old and of Hispanic descent, was

hired by MaBSTOA as a cleaner in January 2006.  Plaintiff's

complaint alleges that he worked in this position until he

---

[1] In filing his complaint, plaintiff attached his EEOC right-to-sue letter.  Defendants have supplied a copy of plaintiff's EEOC charge with their motion to dismiss.  Where a "a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment."  Holowecki v. Fed. Express Corp., 440 F.3d 558, 565-66 (2d Cir. 2006) (citation omitted).  Because plaintiff relies on his EEOC charge to satisfy the timely filing requirements under Title VII and the ADEA, the charge will be considered on this motion.

resigned in April 2006.[2]  Plaintiff then applied for, but was

subsequently denied, a job as a bus driver with the NYCTA.[3]

On January 27, 2009, plaintiff filed a charge of

discrimination with the Equal Employment Opportunity Commission

("EEOC"), alleging violations of Title VII and the ADEA.[4]

Plaintiff's charge alleged that he was denied the bus driver job

because of his age and Hispanic background and asserted that

black former MaBSTOA cleaners have been hired as bus drivers by

the NYCTA -- even if they had been fired by MaBSTOA -- whereas

plaintiff was not able to make such a "transfer."  The charge

indicated that the discrimination against him took place between

May and August of 2006.  On March 31, 2009, the EEOC issued

plaintiff a right-to-sue letter, which noted that the EEOC was

unable to determine whether any Title VII or ADEA violations had

occurred.

In his complaint, plaintiff asserts claims of employment

discrimination based on race, gender, sex, and age pursuant to

Title VII, the ADEA, the NYSHRL, and the NYCHRL.  The complaint

---

[2] According to the defendants, plaintiff's employment was
terminated in May 2006 for his poor work performance.

[3] Defendants assert that plaintiff applied for a position as a
bus driver in August 2006 not through the NYCTA, but through a
separate organization known as the Metropolitan Transit
Authority Bus Company.

[4] In his complaint filed in this action, plaintiff alleges that
he filed the EEOC charge on March 30, 2009.  The charge itself,
however, reflects a filing date of January 27, 2009.

indicates that the discrimination against him took place in
April 2007, rather than the May through August 2006 dates listed
on his EEOC charge.  The defendants' motion to dismiss became
fully submitted on February 25, 2010.

## DISCUSSION

Under the pleading standard set forth in Rule 8(a)(2),
complaints must include a "short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  "[A] plaintiff is required only to give a
defendant fair notice of what the claim is and the grounds upon
which it rests."  Leibowitz v. Cornell Univ., 445 F.3d 586, 591
(2d Cir. 2006).  Moreover, pleadings filed by pro se plaintiffs
are to be construed liberally.  See Erickson v. Pardus, 551 U.S.
89, 94 (2007) (per curiam) ("[A] pro se complaint . . . must be
held to less stringent standards than formal pleadings drafted
by lawyers." (citation omitted)); Harris v. Mills, 572 F.3d 66,
72 (2d Cir. 2009) ("Even after Twombly, . . . we remain
obligated to construe a pro se complaint liberally.").

A trial court considering a Rule 12(b)(6) motion must
"accept as true all factual statements alleged in the complaint
and draw all reasonable inferences in favor of the non-moving
party."  Vietnam Ass'n for Victims of Agent Orange v. Dow Chem.
Co., 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted).  To

4

survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950.

Plaintiffs bringing suit in federal court under either Title VII or the ADEA are subject to exhaustion requirements requiring that they first timely file a charge of discrimination with the EEOC or an authorized state agency.  McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 213 (2d Cir. 2006).  Under both statutes, for discriminatory practices occurring within the State of New York, the EEOC charge must be filed within 300 days of the alleged discriminatory conduct to be considered timely. 29 U.S.C. § 626(1)(B); 42 U.S.C. § 2000e-5(e)(1); see Ragone v. Atl. Video at the Manhattan Ctr., 595 F.3d 115, 126 (2d Cir. 2010).  Second, as a prerequisite to filing a Title VII suit, plaintiff must receive a right-to-sue letter from the EEOC. Williams v. N.Y. Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006). For ADEA claims, however, no right-to-sue letter is required, and a complainant may exhaust the administrative process merely by allowing his charge to remain "pending with the EEOC for at least 60 days."  McPherson, 457 F.3d at 215.

5

Plaintiff's claims must be dismissed because of his failure to exhaust his administrative remedies properly through timely filing an EEOC charge.  Although plaintiff's EEOC charge and complaint contain several inconsistencies with respect to dates, his EEOC complaint was untimely even if the dates most favorable to plaintiff are adopted.  Well over 300 days elapsed between April 2007 -- the latest date on which plaintiff alleged any act of discrimination took place -- and January 27, 2009, the date that the EEOC charge was filed.

In opposing the defendants' motion, plaintiff argues that his claim was timely because he received the EEOC's right-to-sue letter on March 31, 2009, and promptly filed his federal claim on April 24, 2009.  Plaintiff's argument overlooks the difference between the timely filing of an EEOC charge and that of a federal lawsuit.  While the plaintiff timely filed his federal lawsuit within ninety days upon receipt of the EEOC right-to-sue letter, such a letter "enables a private suit only if it is issued in connection with an administrative charge that is timely filed."  McPherson, 457 F.3d at 214.  Here, plaintiff's EEOC charge was not timely filed, and thus, his federal claim is time-barred.[5]

---

[5] As plaintiff's complaint must be dismissed for the reason set forth above, this Court need not address defendants' arguments that plaintiff sued the wrong entity or that plaintiff has been inconsistent in identifying his race.

Having dismissed plaintiff's federal claims, it is within a court's discretion whether to exercise supplemental jurisdiction over plaintiff's state law claims.  Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 263 (2d Cir. 2006).  "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  Id. at 262.  Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims under the NYSHRL and NYCHRL, and these claims are dismissed without prejudice to refiling in state court.

## CONCLUSION

The defendants' January 14 motion to dismiss is granted in its entirety.  The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          April 9, 2010

_____
DENISE COTE
United States District Judge

7

COPIES SENT TO:

Stephen Mauro
2340 West 11th Street
Brooklyn, NY 11223

Kristen M. Nolan
New York City Transit Authority and
Manhattan & Bronx Surface Transit Operating
Authority
130 Livingston Street
Brooklyn, NY 11201